**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Carlos Alvarado,<br><br>        Plaintiff,<br> -v-<br><br>Spectronics Corporation, and<br>Spectro-UV, LLC,<br><br>        Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Carlos Alvarado ("Plaintiff" or "Alvarado") by Abdul Hassan Law Group, PLLC, his attorneys, complaining of Defendants Spectronics Corporation, and Spectro-UV, LLC (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that he is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C § 216(b).

2. Plaintiff complains, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulation there under - 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover his unpaid overtime and non-overtime wages, unlawful wage deductions, and separation/severance pay, under Article 6 of the New York Labor Law including Section 191, 193, 198, 198-c and maximum compensation for not receiving notices

1

and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Carlos Alvarado ("Alvarado") is a resident of Suffolk County in the State of New York.

8. Upon information and belief and at all times relevant herein, Defendant Spectronics Corporation ("Spectronics") was a New York for-profit corporation.

9. Upon information and belief and at all times relevant herein, Defendant Spectro-UV, LLC ("Spectro-UV") was a New York for-profit Limited Liability Company.

10. At all times relevant herein, Defendant Spectro-UV, LLC was a successor in interest to Defendant Spectronics Corporation.

11. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants in Nassau county, New York at 4 Dubon Court, Farmingdale, NY 11735.

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of manufacturing and/or distributing electrical and lighting devices.

13. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, employed twenty-five (25) or more employees.

14. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendants for about 40 years ending in or around September 2020.

15. At all times relevant herein, Plaintiff was employed by Defendants as a manual worker performing a variety of functions, including lifting, packing, moving, and after Defendant Spectro-UV, LLC succeeded Defendant Spectronics Corporation in or around July 2020, Plaintiff even performed packing, painting and repair work.

16. At all times relevant herein, Plaintiff was an hourly employee of Defendants and his last hourly rate was $45 an hour.

17. At all times relevant herein, plaintiff worked about 42.5-45 or more hours each week for Defendants and after Defendant Spectro-UV, LLC succeeded Defendant Spectronics Corporation in or around July 2020, Plaintiff worked about 50-70 hours each week for Defendants, 5 days a week, throughout the work period and the period of his employment with Defendants but Defendants failed to pay Plaintiff for each and all hours worked in a week for each week during his employment with Defendants – Defendants paid Plaintiff for no more than 40 hours each week and did not pay Plaintiff for his overtime hours each week.

18. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage, time and employment records Defendants were required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Accurate copies of Plaintiff's wage and time records that Defendants were required to keep or which were created and kept by Defendants are incorporated herein by reference.

19. At all times relevant herein and for the time Plaintiff was employed by Defendants,

Defendants failed and willfully failed to pay plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week.

20. At all times relevant herein, Defendants did not provide plaintiff with the notice(s) required by NYLL 195(1).

21. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all wages earned, among other deficiencies.

22. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

23. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

24. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of tools, and other essential supplies for its business.

25. Defendants as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

26. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

27. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

28. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

29. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

30. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. As such, equitable tolling applies in this case. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

31. The circumstances of Plaintiff's termination and other conditions of his employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

32. "Plaintiff" as used in this complaint refers to the named Plaintiff.

33. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

34. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 33 above as if set forth fully and at length herein.

35. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA - 29 U.S.C 201 et Seq.

36. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207(a).

37. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

38. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

39. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)

40. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

41. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

42. At all times relevant herein, Defendants, individually and/or jointly, failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

### Relief Demanded

43. Due to defendants' NYLL overtime violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663.

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 198 and 198-c)

44. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 43 above with the same force and effect as if fully set forth at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, 198 and 198-C and the applicable regulations thereunder.

46. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193, 196 and 198 by failing to pay plaintiff his wages, including his non-overtime and overtime wages, (FLSA and NYMWA), as required under NY Labor Law § 190 et seq.

47. At all times relevant herein and upon information and belief, Plaintiff was entitled to severance/separation pay from Defendants pursuant to the terms and conditions of his employment with Defendants including Defendants' severance/separation plan/policy. Plaintiff also seeks recovery of these severance/separation benefits in this action.

48. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193, 198, and 198-C by failing to pay Plaintiff all his wages including his non-overtime wages, overtime wages (FLSA and NYMWA), separation/severance pay/benefits, accrued paid time/benefits, within the time required under NY Labor Law § 190 et seq.

49. At all times relevant herein, defendants failed and willfully failed to provide Plaintiff, with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing defendants to comply with NYLL 195(1).

50. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with

the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

51. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193, 198, and 198-C, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid non-overtime and overtime wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully requests that this Court grant the following relief:

52. Declare Defendants, individually and/or jointly (including their overtime and wage payment policy and practice as well as their wage deduction policy and practice), to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law - 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL §§ 191, 193, 196 and 198.

53. As to the **First Cause of Action,** award Plaintiff his unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

54. As to the **Second Cause of Action,** award Plaintiff his unpaid overtime compensation due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

55. As to the **Third Cause of Action**, award Plaintiff his entire unpaid wages, including his unpaid non-overtime and overtime wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable

8

attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including §§ 191, 193, 198, and 198-C, and issue an injunction directing defendants to comply with NYLL 195(1) and NYLL 195(3).

56. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

57. Award plaintiff further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **September 30, 2020**


Respectfully submitted,

Abdul Hassan Law Group, PLLC

_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*